14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

STATE OF LOUISIANA

NO. 2021-4100          DIVISION " "                    DOCKET NO.

CHERYL LEE

VERSUS

BOYD RACING, L.L.C. d/b/a
DELTA DOWNS RACETRACK CASINO AND HOTEL,
BOYD LOUISIANA RACING, L.L.C.,
BOYD GAMING CORPORATION AND
SCHINDLER ELEVATOR CORPORATION

FILED:_____SEP 2 4 2021_____          _____
                                          DEPUTY CLERK

CLAIM FOR DAMAGES

TO THE HONORABLE, THE JUDGES OF THE 14TH JUDICIAL DISTRICT COURT

FOR THE PARISH OF CALCASIEU, STATE OF LOUISIANA:

The petition of CHERYL LEE, a person of the full age of majority and domiciled in the

City of Houston, State of Texas, respectfully represents:

1.

Defendant, BOYD RACING, L.L.C., is a domestic limited liability company

organized to do and doing business in this Parish and State and, at all pertinent times hereto,

owned and operated the DELTA DOWNS RACETRACK CASINO AND HOTEL located at

2717 Delta Downs Drive in the Parish of Calcasieu, City of Vinton, State of Louisiana on the

date of the incident complained of; defendant, BOYD LOUISIANA RACING, L.L.C., is a

domestic limited liability company organized to do and doing business in this Parish and State

and, at all pertinent times hereto, was the sole member of BOYD RACING, L.L.C. on the date

of the incident complained of; defendant, BOYD GAMING CORPORATION, is a foreign

corporation organized to do and doing business in this Parish and State and, at all pertinent times

hereto, was the sole owner of BOYD LOUISIANA RACING, L.L.C. on the date of the incident

complained of; defendant, SCHINDLER ELEVATOR CORPORATION, is a foreign corporation

organized to do and doing business in this Parish and State and, at all pertinent times hereto, was

the manufacturer of the elevator that petitioner was on on the date of the incident complained of.

CALCASIEU CLERK OF COURT
SEP 24 2021 PM 2:10:27

2.

That said defendants are jointly, severally and *in solido*, justly and truly indebted unto your petitioner, CHERYL LEE for an amount that is reasonable under the circumstances together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for the following to-wit:

3.

On or about October 5, 2020, at approximately 3:00 A.M., petitioner, CHERYL LEE was on an elevator at the DELTA DOWNS RACETRACK CASINO AND HOTEL located at 2717 Delta Downs Drive in the Parish of Calcasieu, City of Vinton, State of Louisiana. Suddenly and without warning, the elevator malfunctioned, abruptly dropped and abruptly stopped, then continued to drop and stop abruptly. Petitioner was stuck in the elevator for forty-five minutes to an hour.

4.

Petitioner alleges that the sole and proximate cause of this accident was the negligence of defendants, in the following respects:

a.)    Failing to use reasonable care to keep the elevator safe for guests to use;

b.)    Failing to warn plaintiff of a malfunctioning elevator;

c.)    Failing to provide for the safety of your petitioner;

d.)    Failing to institute proper inspection procedures;

e.)    Allowing a defective elevator to operate while carrying passengers;

f.)    Liability under the doctrines of strict liability, *res ipsa loquitur* and *respondeat superior;*

g.)    Failing to properly maintain the elevator;

h.)    Failing to open the elevator in a timely manner to let the plaintiff out;

i.)    All other acts of fault or negligence which will be proved at the trial of this matter.

5.

Because of the aforementioned accident and as a direct and proximate cause thereof, your petitioner itemizes her injuries as follows:

Cervicocranial syndrome;

Occipital headaches;

Concussion;

**Exhibit A to Notice of Removal**

Cervical sprain;

Recurring nightmares;

Anxiety;

Elevated blood pressure;

Fear of dying;

Post-concussion syndrome;

Depression;

Nervousness, nausea and upset.

**Left knee injuries:**

Horizontal tear involving body segment of medial meniscus, extending to the inferior articular surface;

Tricompartmental osteoarthritis;

Small joint effusion;

Chondromalacia involving  the medial articular surface of the lateral tibial plateau, the inferior margin of lateral patellar facet;  the inferior longitudinal ridge of the patella and the mid trochlear groove;

**Right knee injuries:**

Horizontal  tear  involving lateral meniscus at junction of  posterior horn and body segment, requiring surgery;

Tricompartmental osteoarthritis;

Joint effusion;

Chondromalacia grade 3-4 trochlear groove;

Chrondral fissure involving the medial patellar facet with subchondral marrow edema;

Marrow edema within the tibial eminence just posterior to the tibial attachment    of the anterior cruciate ligament;

Diffuse thinning of the hyaline articular cartilage;

Chondrolyzed fat pad;

**Lumbar spine:**

L5-S1 –disc extrusion;

L4-L5 foraminal narrowing impinging on the right exiting L4 nerve root;

L3-L4 disc bulge;

L2-L3 disc bulge;

**Exhibit A to Notice of Removal**

6.

Your petitioner itemizes her damages as follows:

Past, present and future medical expenses;

Past, present and future pain and suffering;

Past, present and future lost wages;

Emotional stress and strain;

Loss of enjoyment of life;

Nursing and custodial care services.

7.

Petitioner, CHERYL LEE avers amicable demand upon defendants to no avail.

WHEREFORE, petitioner prays that a copy of this petition be served upon each defendant herein; that they be duly cited to appear and answer same and that, after all legal delays and due proceedings be had, there be judgment herein in favor of petitioner, CHERYL LEE and against the defendants, BOYD RACING, L.L.C. d/b/a DELTA DOWNS RACETRACK CASINO AND HOTEL, BOYD LOUISIANA RACING, L.L.C., BOYD GAMING CORPORATION and SCHINDLER ELEVATOR CORPORATION, jointly, severally and *in solido*, for an amount that is reasonable under the circumstances, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

_____
DARLEEN M. JACOBS, ESQ., BAR #7208
(A PROFESSIONAL LAW CORPORATION)
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 and (504) 522-3287
Attorney for Plaintiff,
CHERYL LEE

A TRUE COPY
Lake Charles, Louisiana

Brian Wilkinson

Deputy Clerk of Court
Calcasieu Parish, Louisiana          SEP 2 9 2021

**Exhibit A to Notice of Removal**

<u>PLEASE SERVE DEFENDANTS</u>
<u>AS FOLLOWS:</u>

BOYD RACING, L.L.C.
Through Their Agent for Service of Process
CORPORATION SERVICE COMPANY
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

BOYD LOUISIANA RACING, L.L.C.
Through Their Agent for Service of Process
CORPORATION SERVICE COMPANY
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

BOYD GAMING CORPORATION
Through Their Agent for Service of Process
Joe Quincy Williams
5050 Williams Blvd.
Kenner, Louisiana 70065

SCHINDLER ELEVATOR CORPORTION
Through Their Agent for Service of Process,
CT CORPORATION SYSTEM
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

STATE OF LOUISIANA

DOCKET NO. 2021-4100                                DIVISION "F"

CHERYL LEE

VERSUS

BOYD RACING, L.L.C. d/b/a DELTA DOWNS RACETRACK CASINO AND HOTEL,
BOYD LOUISIANA RACING, L.L.C., BOYD GAMING CORPORATION AND
SCHINDLER ELEVATOR CORPORATION

FILED:_____                    _____
                                            DEPUTY CLERK

### ORDER

Considering the foregoing Motion of Voluntary Dismissal,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Boyd Louisiana

Racing, L.L.C. and Boyd Gaming Corporation are dismissed, without prejudice, from the

captioned litigation, and plaintiff's rights against all other parties are hereby reserved.

Lake Charles, Louisiana, this _3rd_ day of _January_, 2021.

                    /s/ Derrick D. Kee
                    JUDGE
                    DERRICK D. Kee

4857-3777-1782, v. 1

1

**Exhibit B to Notice of Removal**

14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

STATE OF LOUISIANA

DOCKET NO. 2021-4100                                      DIVISION "F"

CHERYL LEE                                               JAN 18

VERSUS

BOYD RACING, L.L.C. d/b/a DELTA DOWNS RACETRACK CASINO AND HOTEL,
BOYD LOUISIANA RACING, L.L.C., BOYD GAMING CORPORATION AND
SCHINDLER ELEVATOR CORPORATION

FILED:_____          _____
                                              DEPUTY CLERK

**ANSWERS TO INTERROGATORIES AND RESPONSE TO REQUEST FOR**

**PRODUCTION OF DOCUMENTS**

NOW INTO COURT, through undersigned counsel, comes the plaintiff, CHERYL LEE, who in answer to the Interrogatories and Request for Production of Documents propounded by the Defendants, Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack Casino and Hotel, Boyd Louisiana Racing, L.L.C. and Boyd Gaming Corporation, states as follows:

**INTERROGATORY NO. 1:**

Please fully identify yourself, including your name, address, Social Security number, driver's license number and state, date of birth, and residence address for the last ten (10) years.

**ANSWER TO INTERROGATORY NO. 1:**

Cheryl Davis Lee; 184 Kirklady Drive, Houston, Texas 77015; SSN: 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; DL# 13484651, Texas; DOB: 01-01-1967; 184 Kirlady Drive, Houston, Texas 77015.

**INTERROGATORY NO. 2:**

If you are presently married, please provide the following information with respect to your spouse:

a.     The date of your marriage;

b.     The name, current address, and age of your spouse;

**Exhibit C to Notice of Removal**

    c.      Your spouse's place of employment for five (5) years preceding the filing

of this action;

    d.      The name of each child born from the marriage.

**ANSWER TO INTERROGATORY NO. 2:**

    a.      02-11-2010;

    b.      Chris A. Lee, 184 Kirklady Drive, Houston, Texas 77015;

    c.      Port of Houston/ W.G.M.A.;

    d.      None.

**INTERROGATORY NO. 3:**

With regard to each person listed in response to Interrogatory 2 who is dependent on you for financial support, please state their present name and address, date of birth, relationship to you, marital status, and present employer.

**ANSWER TO INTERROGATORY NO. 3:**

Not applicable.

**INTERROGATORY NO.  4:**

Are you presently employed?  If so, please state the following:

    a.      The name, address, and telephone number of your current employer;

    b.      Your duties and job title with your current employer;

    c.      The date you began working for your current employer;

    d.      Present rate of pay;

    e.      The nature of your employment and your job duties, with specificity;

    f.      The full name and telephone number of your supervisor;

    g.      The full name and telephone number of the individual whom you

will use in support of any and all claims you may have for lost

wages.

**ANSWER TO INTERROGATORY NO. 4:**

Yes.

    a.      Somatus Kidney Care, 1861  International Drive, Suite 600, McLean,

Virginia 22102;

**Exhibit C to Notice of Removal**

b.      R.N. Operations Manager;

c.      08-23-2021;

d.      $93,000 yearly;

e.      I work from home on my computer;

f.      Kacie Dozar, (571) 992-0600;

g.      Unknown at this time.

**INTERROGATORY NO.  5:**

With regard to each person, firm, or corporation by whom you were employed *between October 5, 2020 and the present time, **excluding** your present employer*, state the following:

a.      The name, address, and telephone number of each employer;

b.      Your duties and job title with each employer;

c.      The date you began working for each employer;

d.      Present rate of pay;

e.      The nature of your employment and your job duties, with specificity;

f.      The full name and telephone number of each supervisor;

The full name and telephone number of each individual whom you will use in support of any and all claims you may have for lost wages.

**ANSWER TO INTERROGATORY NO. 5:**

See answer to Interrogatory#4.

**INTERROGATORY NO.  6:**

With regard to each person, firm, or corporation by whom you have been employed for a period of ten years *prior to October 5, 2020*, please state the following:

a.      The name, address, and telephone number of each employer;

b.      Your duties and job title with each employer;

c.      The date you began working for each employer;

d.      Present rate of pay;

e.      The nature of your employment and your job duties, with specificity;

f.      The full name and telephone number of each supervisor;

**Exhibit C to Notice of Removal**

g.   The full name and telephone number of each individual whom you
will use in support of any and all claims you may have for lost
wages.

**ANSWER TO INTERROGATORY NO. 6:**

Information has been requested and will be provided upon receipt.

**INTERROGATORY NO. 7:**

Please state the ***full names, current addresses, and telephone numbers*** of each
and every person known to you or your attorney who witnessed or has any knowledge
whatsoever of the alleged occurrence of October 5, 2020. ***Please include a brief
description of the witness' relationship to the plaintiff, if any.***

**ANSWER TO INTERROGATORY NO. 7:**

1.   Chris Lee, 184 Kirklady Drive, Houston, Texas 77015,Husband;

2.   911 Operator; address unknown;

3.   Unknown person at Delta Downs Casino who answered the call when I
pushed the button on the elevator;

4.   Shereda Semien, 6417 Hunkers Trace Lane, Baytown, Texas 77421,
Daughter, (337) 290-2517;

5.   Taylor Cane, 6417 Hunkers Trace Lane, Baytown, Texas 77421, Grandson,
(832) 977-6546;

6.   Jaylon Cane, 6417 Hunkers Trace Lane, Baytown, Texas 77421, Grandson,
(832) 727-0853;

**INTERROGATORY NO. 8:**

Please identify by name, current address, employer and occupation, each and
every fact witness, whom you intend to call at the trial of this matter, ***including the
witness' relationship to you***, if any, stating the ***expected testimony*** of each of these
witnesses.

**ANSWER TO INTERROGATORY NO. 8:**

See Witness List.

**Exhibit C to Notice of Removal**

**INTERROGATORY NO. 9:**

Please identify each and every expert that has been consulted regarding this matter, whether or not said expert issued a written report.

**ANSWER TO INTERROGATORY NO. 9:**

See Witness List.

**INTERROGATORY NO. 10:**

Please identify by name, current address, employer and occupation, each and every expert witness whom you intend to call at the trial of this matter, giving the qualification of the expert and all areas of expertise, the subject matter on which the expert is expected to testify, the substance of the fact and opinions to which the expert is expected to testify and the summary for his grounds for each opinion.

**ANSWER TO INTERROGATORY NO. 10:**

See Witness List. They will testify in accordance with their reports.

**INTERROGATORY NO. 11:**

Please provide a detailed description of the circumstances of the alleged incident of October 5, 2020, including exactly where the incident occurred, how long you had been at the property before the accident, a detailed explanation of how the incident occurred, and what you did immediately *before and after* the accident at issue, up until the time you initially sought treatment for the alleged injuries sustained.

**ANSWER TO INTERROGATORY NO. 11:**

See Claim for Damages.

**INTERROGATORY NO. 12:**

Please indicate how many times you have patronized the Delta Downs Casino prior to the incident at issue, and what games you played on your previous visits, *i.e.* slot machines, black jack, roulette, etc.

**ANSWER TO INTERROGATORY NO. 12:**

I'm not sure how many times I visited. I played slots.

**Exhibit C to Notice of Removal**

**INTERROGATORY NO. 13:**

Please provide a detailed description of the injuries complained of by you that have arisen as a result of the October 5, 2020 incident, including the type of symptoms experienced, the date of onset, the progression of symptoms, whether the symptoms have been alleviated through treatment, whether the you are still experiencing symptoms, what type of symptoms you are currently experiencing and whether you continue to seek treatment for related injuries.

**ANSWER TO INTERROGATORY NO. 13:**

See medical records.

**INTERROGATORY NO. 14:**

For a period of ten years *prior to October 5, 2020*, please state:

 a. The name, current address and telephone number of each and every doctor, physician or practitioner of the medical arts by whom you were treated or examined;

 b. The name of each and every hospital in which you were treated or examined;

 c. The date of each such treatment or examination;

 d. The reason for each such treatment or examination; and

 e. The extent of the injury or illness.

**ANSWER TO INTERROGATORY NO. 14:**

1.

 a. Dr. Octavio Barrios, 517 W. Grey Street, Houston, Texas 77019, (713) 942-7546;

 b. None;

 c. Every 3 months;

 d. Quarterly check-ups;

 e. None.

**Exhibit C to Notice of Removal**

**INTERROGATORY NO.  15:**

Since ***October 5, 2020***, please state:

    a.  The name, current address and telephone number of each and every doctor,

       physician or practitioner of the medical arts by whom you were treated or examined;

    b.  The name of each and every hospital in which you were treated or examined;

    c.  The date of each such treatment or examination;

    d.  The reason for each such treatment or examination;

    e.  The extent of the injury or illness; and

    f.  The amount of the bill.

**ANSWER TO INTERROGATORY NO. 15:**

1.

    a.  Dr. Ian Reynolds,  4301B Vista Road, Pasadena, Texas 77504, (281) 332-9676;

    b.  Surgery Specialty Hospitals of America Southeast Houston;

    c.  11-03-2020;

    d.  Tear of right lateral meniscus complex;

    e.  Unknown at this time;

    f.  Unknown at this time.

2.

    a.  Dr. Pankaj Satija, 1313 La Concha Lane, Ste. 130, Houston, Texas 77054, ( 832) 831-7800;

    b.  I was treated at a hospital;

    c.  I do not know the exact dates;

    d.  Headaches;

    e.  Unknown at this time;

    f.  $1,850.00.

**Exhibit C to Notice of Removal**

3.

    a. Dr. Kaku Barkoh, 22999 US-59N., Kingwood, Texas 77339 ( 281) 358-4145;

    b. Kingwood Medical Center;

    c. I do not remember the exact dates;

    d. Information has been requested and will be provided upon receipt;

    e. Unknown at this time;

    f. Unknown at this time.

4.

    a. Dr. R. Scott Staewen and Dr. Byron J. Bohn, 12853 Gulf Freeway, Houston,

       Texas 77034, (281) 464-8200;

    b. Houston Premier Radiology;

    c. 10-15-20;

    d. MRI Lumbar, MRI right knee and left knee;

    e. See medical records;

    f. $18,000.

5.

    a. Dr. James Weiss, 5858 Westheimer Road#706, Houston, Texas 77057, ( 832)

       808-7714;

    b. Information has been requested and will be provided upon receipt;

    c. Information has been requested and will be provided upon receipt;

    d. Information has been requested and will be provided upon receipt;

    e. Unknown at this time;

    f. Unknown at this time.

6.

    a. Dr. Ronald Killum,11821 East Fwy, Suite 175, Houston, Texas 77029;

    b. Information has been requested and will be provided upon receipt;

    c. Information has been requested and will be provided upon receipt;

    d. Information has been requested and will be provided upon receipt;

    e. Unknown at this time;

    f. Unknown at this time.

**Exhibit C to Notice of Removal**

**INTERROGATORY NO.  16:**

Were you actively treating with any physician for any medical condition prior to the incident of *October 5, 2020?* If so, please identify the physician and the medical condition(s) for which you were treating.

**ANSWER TO INTERROGATORY NO. 16:**

See answer to Interrogatory #14.

**INTERROGATORY NO.  17:**

Have you ever been a party to any lawsuit, either *before or after* the lawsuit arising out of the alleged occurrence, as a plaintiff or a defendant?  If so, please state the following for each such claim or lawsuit:

      a.    The date of the accident;

      b.    A brief description of the accident that caused your alleged injuries;

      c.    The court in which suit was filed, and the docket number of the proceedings;

      d.    The present disposition of the claim.  If settled, please state the amount received in settlement or rendered in judgment;

      e.    The nature and extent of injuries sustained;

      f.    The name and address of the attorney who filed suit on your behalf; and

      **g.**    The name of any and all insurance companies who were involved in each suit.

**ANSWER TO INTERROGATORY NO. 17:**

No.

**INTERROGATORY NO.  18:**

Have you suffered any physical injuries of any kind in the *ten years prior to October 5, 2020*? If so, please provide the following information:

      a.    Date of accident;

      b.    Type of accident;

      c.    Injuries suffered as a result of the accident;

**Exhibit C to Notice of Removal**

  d.  Name and address of all medical providers from whom you sought treatment for injuries resulting from said accident(s), including hospitals;

  e.  Dates of treatment;

  f.  Whether a lawsuit was filed as a result of said accident(s);

  g.  The amount of any settlement of any claim resulting from said accident(s).

**ANSWER TO INTERROGATORY NO. 18:**

 No.

**INTERROGATORY NO. 19:**

 Have you suffered any physical injuries of any kind *after* the incident of *October 5, 2020*? If so, please provide the following information:

  a.  Date of accident;

  b.  Type of accident;

  c.  Injuries suffered as a result of the accident;

  d.  Name and address of all medical providers from whom you sought treatment for injuries resulting from said accident(s), including hospitals;

  e.  Dates of treatment;

  f.  Whether a lawsuit was filed as a result of said accident(s);

  g.  The amount of any settlement of any claim resulting from said accident(s).

**ANSWER TO INTERROGATORY NO. 19:**

 No.

**INTERROGATORY NO. 20:**

 Do you have any medical reports or hospital records from any doctors who treated you or hospitals in which you were treated between the date of the alleged occurrence

**Exhibit C to Notice of Removal**

and the present time?  If so, please attach a copy of such reports or records to your

answers to these interrogatories.

**ANSWER TO INTERROGATORY NO. 20:**

      Yes, See attached medical records.

**INTERROGATORY NO. 21:**

      If it is claimed that you lost wages or have suffered an impairment of earning

capacity due to injuries sustained as a result of the alleged occurrence, please state:

      a.     The calendar dates on which the wages were lost;

      b.     The name and current address of the person you intend to use as a witness

            to prove your loss of wages;

      c.     The name of your employer from whom the wages were lost;

      d.     The total amount of wages lost to date; and

      e.     The amount of the impairment of earning capacity, if applicable.

**ANSWER TO INTERROGATORY NO. 21:**

      a.     10-30-20 to 8-23-21;

      b.     Chris Lee and a representative from Professional Case Management of

            Texas;

      c.     Professional Case Managers of Texas;

      d.     $79,166.60;

      e.     Unknown at this time.

**INTERROGATORY NO. 22:**

      Please identify any and all workers' compensation claims filed by you at any time,

and advise on the status of said claim(s), including when filed, the injuries which

prompted the claim, and the result of said claim(s).

**ANSWER TO INTERROGATORY NO. 22:**

      Not applicable.

**Exhibit C to Notice of Removal**

**INTERROGATORY NO. 23:**

At the time of the accident at issue, please indicate whether you had in force and effect any health insurance policy, including the name, address, telephone number, group number and policy number of said health insurance provider.

**ANSWER TO INTERROGATORY NO. 23:**

Yes, Cigna Health Ins., P.O. Box 182223, Chattanooga, Tennessee 374422, 1-800-794-7882, Group # 2443694, ID# U39275572-02.

**INTERROGATORY NO. 24:**

For a period of *ten (10)* years prior to the date of the accident, please list all health insurance policies which provided coverage to your for medical care, including the name, address, telephone number, group number and policy number of said health insurance provider(s).

**ANSWER TO INTERROGATORY NO. 24:**

See answer to Interrogatory#23.

**INTERROGATORY NO. 25:**

Have you been arrested in the last ten (10) years?  If so, please indicate the date of the arrest(s), the city and state in which it occurred, and the nature of the offense.

**ANSWER TO INTERROGATORY NO. 25:**

Objection as to relevance.

**INTERROGATORY NO. 26:**

Please specify the amount of damages you seek, both general and special, pursuant to Article 893(A)(1) of the Louisiana Code of Civil Procedure.

**ANSWER TO INTERROGATORY NO. 26:**

Unknown at this time

**INTERROGATORY NO. 27:**

Do you understand that your answers to these questions are made *under oath*, and that by signing the attached oath you declare that your answers are true and correct?

**ANSWER TO INTERROGATORY NO. 27:**

Yes.

12

**Exhibit C to Notice of Removal**

**REQUEST FOR PRODUCTION NO. 1:**

All medical bills, records and reports in connection with medical treatment rendered by any health care provider to you for the alleged injuries sustained as a result of the incident giving rise to the captioned litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See attached.

**REQUEST FOR PRODUCTION NO. 2:**

Please provide copies of any and all medical notes or letters prepared by treating physicians excusing plaintiff from work as a result of the injuries suffered in the alleged accident.  If none exist, please indicate same in your responses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Information has been requested and will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all other medical and pharmaceutical bills and expenses incurred by you as a result of the incident at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO.3:**

See attached.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents completed by you for any health insurance company from which you sought reimbursement for your medical expenses related to the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

See attached.

**REQUEST FOR PRODUCTION NO. 5:**

Please provide copies of any and all documentary evidence in your possession that shows the extent of lost wages suffered by the plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Information has been requested and will be provided upon receipt.

**REQUEST FOR PRODUCTION NO.  6:**

Any statements presently in your possession, made by any and all witnesses or

**Exhibit C to Notice of Removal**

others with knowledge of the occurrence upon which this lawsuit is based.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

I have none.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all written reports rendered to you or your attorney by any expert witnesses retained by you or your attorney, whether or not they are expected to testify at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

See attached.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce copies of resumes or curriculum vitae of any experts identified in your answers to the preceding Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

None currently in my possession.

**REQUEST FOR PRODUCTION NO.  9:**

Please execute and return the attached Medical Authorization forms after execution by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

See attached.

**REQUEST FOR PRODUCTION NO.  10:**

Please execute and return the attached Personnel Authorization form after execution by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

See attached.

**REQUEST FOR PRODUCTION NO.  11:**

Please provide all State and Federal Income Tax Returns for the years 2016, 2017, 2018, 2019 and 2020, or in the event you do not have copies of the requested Income Tax Returns, please complete and execute the attached Forms 4506, Request for Copy of Tax Form.

14

**Exhibit C to Notice of Removal**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

See attached.

**REQUEST FOR PRODUCTION NO.  12:**

Please provide all Social Security records for the years 2016, 2017, 2018, 2019 and 2020, or in the event you do not have copies of the requested Social Security records please complete and execute the attached form, Request for Social Security Earnings Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

See attached.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce copies of any and all tangible objects, including but not limited to photographs, films, videotapes, documents or other writings of whatever nature, which you intend to offer into evidence in the trial of this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

See Exhibit List.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all documents referred to in your responses to the preceding Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See attached.

**REQUEST FOR PRODUCTION NO.  15:**

Please produce a copy of any and all incident reports which were created as a result of the accident at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

I have none at this time.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce copies of any and all exhibits of whatever nature or kind that you intend to use at the trial of this matter.

**Exhibit C to Notice of Removal**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

See Exhibit List.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce each document, object or thing not otherwise produced in response to these requests that relates to or supports your claims for liability and damages in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Information has been requested and will be provided upon receipt.

**REQUEST FOR PRODUCTION NO. 18:**

Please execute the attached oath certifying that your responses to defendant's written discovery requests are true and correct to the best of your knowledge and ability, in the presence of a duly authorized notary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

See attached.

Respectfully submitted,

_____
DARLEEN M. JACOBS ( #7208)
823 St. Louis Street
New Orleans, LA 70112
(504) 522-0155 or (504) 522-3287
Attorney for the Plaintiff,
CHERYL LEE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has  been served upon counsel for Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack Casino and Hotel, Boyd Louisiana Racing, L.L.C. and Boyd Gaming Corporation by depositing the same in the U.S. mail, postage prepaid and properly addressed, on this_____day of _____2022.

_____
DARLEEN M. JACOBS

16

**Exhibit C to Notice of Removal**