UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHERYL LEE** | **CASE NO.  2:22-CV-00174** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BOYD RACING L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 44) filed by Defendant, Schindler Elevator Corporation, wherein it moves to dismiss Plaintiff, Cheryl Lee's claims pursuant to Federal Rule of Civil Procedure 56.

## FACTUAL STATEMENT

This lawsuit involves an incident that allegedly occurred on passenger elevator no. 4 (the "Elevator") at the Delta Downs Racetrack Casino and Hotel (the "Hotel"). The Elevator was manufactured and installed by ThyssenKrupp Elevator in 2016 and was inspected and maintained by Defendant, Schindler Elevator Corporation ("Schindler"). Schindler did not have custody and control of the Elevator.

Plaintiff, Cheryl Lee, alleges that on October 5, 2020, as she attempted to use the Elevator to travel from the fifth floor to the first floor, when "the elevator malfunctioned, abruptly dropped and abruptly stopped, then continued to drop and stop abruptly." Prior to and after the alleged incident, there were no reports of the Elevator "abruptly dropping and stopping."

## S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

In her Petition, Lee alleges that Defendants are liable under theories of strict liability, *res ipsa loquitur,* and negligence. Schindler maintains that Lee's claims against it must be dismissed because Lee cannot meet her burden of proof. Schindler has submitted a video taken from the inside of the Elevator when the incident occurred that is vastly different from Lee's allegations. Lee alleges that the elevator dropped and made three (3) hard stops,[1] and that each drop was harder than the prior drop.[2] The Court has viewed the video and notes that the event is nothing as described and testified to by Lee in her sworn deposition and to her medical providers. The Elevator video depicts only a minute movement, so insignificant that Lee barely moved. During the duration of Lee's time in the Elevator, the Elevator never moved or dropped.

The U.S. Supreme Court addressed the issue of relying on a videotape in ruling on a Motion for Summary Judgment in *Scott v. Harris*, 550 U.S. 372 (2007), 127 S.Ct. 1769, 1776, as follows:

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.
>
> That was the case here with regard to the factual issue whether respondent was driving in such fashion as to endanger human life. Respondent's version

---

[1] Defendant's exhibit 1, Cheryl Lee deposition, pp. 47, 53.
[2] *Id.* p. 65-66.

>of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

It appears that Lee has embellished the events to a significant degree that causes this Court great concern. Lee also consistently made the same allegations to her medical providers. Lee has produced no summary judgment evidence to dispute the video.

Lee claims that Schindler is liable under the doctrine of strict liability. Schindler did not manufacture, install or design the elevator. Louisiana Revised Statute 9:2800.51 is the Louisiana Products Liability Act, which provides the basis for a strict liability claim in Louisiana. The Louisiana Products Liability Act provides the exclusive remedies available against a manufacturer. Liability can only be imposed against Schindler if Lee first establishes that Schindler manufactured the elevator. Schindler did not manufacture the Elevator. Lee's claim for strict liability will be dismissed.

Lee asserts a claim for *res ipsa loquitur*. The seminal elevator case in Louisiana, *Spott v. Otis Elevator Company*, 601 So. 2d 1355 (La. 1992), addresses the applicability of *res ipsa loquitur* in an elevator case. The Supreme Court stated that *res ipsa loquitur* applies "when three requirements are met: 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the thing causing the injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on defendant's part." *Id.* at 1362.

Schindler argues that *res ipsa loquitur* does not apply because Schlinder did not have garde over the Elevator and therefore Lee cannot meet her burden of establishing the elements of a *res ipsa loquitur* claim. The Court agrees and will dismiss this claim as well.

Next, Lee asserts that Schindler is liable for negligence under the theory of *respondeat superior* because Schindler failed to adequately inspect and maintain the Elevator. Schindler argues that Lee has failed to present any evidence of negligence by Schindler. Lee must establish that (1) the conduct in question was a cause in fact of the resultant harm; (2) Schindler owed a duty to Lee; (3) the duty owed was breached; and (4) the risk of harm caused was within the scope of the breached duty. *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La. 1992). The Court agrees with Schindler. Lee has presented no evidence that Schindler failed to do anything to cause or otherwise contribute to this incident and/or cause the malfunction, whereas Schindler has submitted undisputed evidence that the Elevator was maintained on a regular and systematic basis in accordance with industry standards, the elevator was not defective and operated as designed, the elevator did not drop, fall or overspeed, but came to a controlled stop, Schindler had no prior notice of a problem with the door locks, which caused the Elevator to stop, and there was nothing Schindler could or should have done that would have prevented the incident.[3] This evidence is undisputed.

The Court notes that Lee did not retain an expert and the expert report she relied upon in opposing this motion expressly states that the "kinematics and kinetics related to

---

[3] Defendant's exhibit 9, doc. 44-11.

the subject incident are not consistent with providing the mechanisms to cause injury to a person similar to Ms. Lee."[4]

"If a defendant's conduct is not found to be a cause in fact of plaintiff's injury, further inquiry into, or analysis of, whether any duty imposed by law on the defendant extends to protect this plaintiff against the harm he suffered is unnecessary." *Weaver v. Valley Elec. Membership Corp.*, 615 So. 2d 1375, 1382 (La. App. 2 Cir. 1993). "In determining whether liability exists under a duty risk analysis, a plaintiff must prove that the conduct in question was the cause in fact of the resulting harm, that defendant owed a duty to the plaintiff that defendant breached, and that the risk of harm was within the scope of the protection afforded by the duty breach." *Hartman v. Vermillion Parish Police Jury*, 94-893 (La. App. 3 Cir. 3/1/95), 651 So. 2d 476, 479, *writ denied*, 95-0778 (La. 5/5/95), 654 So. 2d 326.

The Court finds that there is no genuine issue of material fact for trial as to Lee's claims of negligence against Schindler under the doctrine of *respondeat superior*.

## CONCLUSION

For the reasons explained hereinabove, the Motion for Summary Judgment (Doc. 44) will be granted dismissing Plaintiff's claims against Schindler with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 27th day of February, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's exhibit 7, p. 5. Doc. 51-8.