UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHERYL LEE** | **CASE NO. 2:22-CV-00174** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BOYD RACING L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment of Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack, Casino & Hotel" ("Delta Downs") (Doc. 45) wherein Delta Downs moves for dismissal of Plaintiff, Cheryl Lee's claims pursuant to Federal Rule of Civil Procedure 56.

## FACTUAL STATEMENT

This lawsuit involves an incident that allegedly occurred on passenger elevator no. 4 (the "Elevator") at the Delta Downs Racetrack Casino and Hotel (the "Hotel"). The Elevator was inspected and maintained by Defendant, Schindler Elevator Corporation ("Schindler"). Schindler had maintained the Delta Downs elevators for at least 13 years, prior to the incident except for years 2016-2017. Delta Downs retained BOCA Group to oversee Schindler's work.

Plaintiff, Cheryl Lee, alleges that on October 5, 2020, she attempted to use the Elevator to travel from the fifth floor to the first floor, when "the elevator malfunctioned, abruptly dropped and abruptly stopped, then continued to drop and stop abruptly." Lee did not fall, was not violently thrown against the Elevator's walls and she did not drop

anything.[1] Prior to and after the alleged incident, there were no reports of the Elevator "abruptly dropping and stopping."

An elevator door lock can open for a multitude of reasons, some maintenance-related, but others not, including the presence of debris on the elevator door track.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[1] Defendant's exhibit E, p. 47-48; Defendant's exhibit F, Declaration of John "Scott" Thompson, Defendant's exhibit F-1, manual attachment.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In her Petition, Lee alleges that Delta Downs is liable for negligence under theories of strict liability and *res ipsa loquitur,* pursuant to Louisiana Civil Code article 2317.1 or article 2322.

Louisiana Civil Code article 2317.1, which governs negligence claims against a property owner, provides in part:

> The owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect, which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Further, Louisiana Civil Code article 2322 provides in part:

> The owner of a building is answerable for the damage occasioned by its ruin when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction; however, he is answerable for damages only upon a showing that he knew, or the exercise of reasonable case, should have known of the vice or defect which caused damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Both Code articles 2317.1 and 2322 require both a defect and a showing that the alleged defect is a condition presenting an unreasonable risk of harm; the defect must be a dangerous condition reasonably expected to cause injury to a prudent person using ordinary care under the circumstances. *See, e.g.*, *Manchester v. ANPAC Louisiana Ins. Co.*, 278 So.3d 993, 997 (La. App. 1 Cir. 5/31/19); *Breaux v. Fresh Start Properties, L.L.C.*, 78 So.3d 849, 853 (La. App. 5 Cir. 11/29/11). Additionally, both Articles require, as a threshold predicate to any possible liability, that the owner "knew or … should have known" of the alleged unreasonably dangerous defect.

"Proof of actual or constructive knowledge of an alleged defect is a necessary prerequisite for succeeding in an action against a property owner under La. Civ. Code arts. 2317.1 and 2322." *Robinson v. Otis Condo. Ass'n, Inc.*, 315 So.3d 356 (La. App. 5 Cir. 2/3/21) 358 (granting summary judgment for elevator owner), *writ denied*, (La. 4/27/21), 314 So.3d 837; *Bowen v. State ex rel. Secretary of Health and Hospitals*, 247 So.3d 948, 956 (La. App. 1 Cir. 3/21/18), (same); *Jackson v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 307 So.3d 227, 231 (La. App. 1 Cir. 5/26/20) (same), *writ denied sub nom. Jackson v. Bd. of Supervisors of Louisiana State Univ.*, 302 So.3d 1117 (La. 10/14/20).

Lastly, under Code articles 2317.1 and 2322, the plaintiff must also prove each of the traditional duty/risk factors: that the defendant had a duty to conform its conduct to a specific standard, the defendant failed to conform to this standard, this failure was the cause-in-fact and legal cause of plaintiff's injuries; and actual damages. *See Farrell v. Circle K Stores, Inc.*, 359 So.3d 467, 473 (La. 3/17/23); *Ramirez v. Lighthouse Prop. Ins. Corp.*, 333 So.3d 1286, 1289-91 (La. App. 4 Cir. 12/15/21).

"The general rule is that the owner or custodian of property has a duty to keep the premises in a reasonably safe condition." *Farrell*, 359 So.3d at 473; *see also Ramirez, supra*. The Louisiana appellate courts have noted that "we do not live in a perfect world. We cannot impose a duty on a landowner to have perfectly flawless premises ... Everyday life presents risks which must be encountered and negotiated." *Tuckerson v. Amtrust Ins. Co.*, 335 So.3d 363, 369 (La. App. 5 Cir. 12/22/21) (*citing Williams v. Leonard Chabert Med. Ctr.*, 744 So.2d 206, 211 (La. App. 1 Cir. 9/26/99), *writ denied*, 754 So.2d 974, (La. 2/18/00), *writ denied*, 334 So.3d 389 (La. 3/15/22); *cf. Minton v. Cont'l Ins. Co.*, 110 So.2d 789, 797 (La. App. 1 Cir. 1959) ("It is elementary that the mere occurrence of an accident does not give rise to a presumption of negligence.").

*Negligence for improper maintenance and defect*

Lee alleges a defect in the premises owned and operated by Delta Downs caused her damage. Lee alleges that the Elevator was defective and not properly maintained. Delta Downs argues that she has failed to show that there was an unreasonably dangerous condition, she lacks evidence that Delta Downs knew or should have known about the alleged defect, and that Delta Downs acted reasonably in maintaining the elevator.

Lee must show (1) that there was a defect with the elevator, (2) that Delta Downs knew or should have known of the unreasonably dangerous defect or condition alleged to have caused her alleged injury, (3) that Delta Downs acted unreasonably in maintaining the elevator. *Robinson v. Otis Condo. Ass'n, Inc..*, 315 So.3d  356 (La. 5 Cir. 2/3/21).

Delta Downs presents evidence that it hired Schindler to regularly service and maintain the Elevator, and also hired the BOCA Group to inspect the Elevator and oversee

Schindler's work.[2] Both companies determined that the elevator was safe for use and neither Delta Downs, nor these companies uncovered or knew of an alleged defect with the Elevator. BOCA inspected the Elevator in June 2020, and did not identify any significant issue with the Elevator.[3]

Lee points the Court to the deposition testimony and daily log of Delta Downs' security supervisor, Victoria Doss. Ms. Doss testified about the call she received informing her of a guest stuck on the elevator.[4] Lee also points to the deposition of Schindler technician Ron Turner and his incident report that memorialized the incident and the fact that a guest was stuck on the Elevator.

Next, Lee relies on the deposition of Delta Downs' facility director, Derrick Chester, who recalled a guest entrapment and opening the Elevator door. When Chester was questioned about maintenance deficiencies in a maintenance report, he explained that these were not deficiencies, but performance charts.[5] Chester did not recall any problems with the Elevator, or any repairs that were made after the incident.[6] About two months prior to the incident, Chester noted that there was a service request on July 30th, 2020, of the Elevator and another elevator that found two blown fuses,[7] Also in June 2020, there was a power outage that caused the elevator buttons to not function properly.[8] However, there is no evidence as to how these blown fuses, or the power outage pre-incident caused the

---

[2] Defendant's exhibit B, p. 15, lines 1-8; Defendant's exhibit A, ¶ 10.
[3] *Id.* ¶ ¶ 7, 8, and 10. Defendant's exhibit G, ¶ ¶ 5-6.; Defendant's exhibit H, ¶ 11 (p, q, s, t).
[4] Victoria Doss deposition, p. 12;
[5] Derrick Chester deposition, p. 22.
[6] *Id.* p. 42.
[7] *Id.* p. 44.
[8] *Id.* p. p. 48.

subject incident. Furthermore, Plaintiff does not have an expert to support any of her allegations of a defective Elevator and her reliance on the above does not further her cause. As such, Lee has failed to create a genuine issue of material fact for trial as to an unreasonably dangerous defect.

"Proof of actual or constructive knowledge of an alleged defect is a necessary prerequisite for succeeding in an action against a property owner under La. Civ. Code arts. 2317.1 and 2322." *Robinson*, 315 So.3d at 358; *Bowen*, 247 So.3d at 956. Because not every defect gives rise to liability, the defect must be of such a nature to constitute a dangerous condition that would reasonably be expected to cause injury to prudent person using ordinary care under the circumstances. *See Manchester*, 278 So.3d at 997; *Breaux*, 78 So.3d at 853; *Robertson v. Boomtown Belle Casino*, 359 So.3d 56 (La. App. 5 Cir. 2/1/23) ("[A hotel] is not the insurer of plaintiffs' safety and is not liable every time an accident occurs."), *writ denied,* (La. 5/2/23); *cf. Taylor v. Jean*, 165 So.3d 98, 100-101 (La. App. 5 Cir. 11/12/14) ("[Plaintiff] must prove the existence of a defect, which cannot be inferred solely from the fact that the accident occurred."); *Retif v. Doe*, 632 So.2d 405, 408 (La. App. 4 Cir. 1994) (applying general negligence principles under La. R.S. 9:2800.6(A)) ("However, store owners are not required to insure against all accidents that occur on the premises.)

Delta Downs argues that there is no evidence that it had knowledge or constructive knowledge of an unreasonably dangerous condition.  Delta Downs argues that Lee has failed to submit any evidence the Delta Downs knew or should have known that the Elevator would stop on the day of the incident.  Here, Halpern testified that "there was no way that [Delta Downs] had notice of the Elevator [] door interlock problem before the

Page 7 of 10

incident...." *Id. See, e.g., Bowen v. State ex rel. Sec'y of Health & Hosps.*, 2017-0938 at p. 11–12 (La. App. 1 Cir. 3/21/18); 247 So.3d 948, 956, *writ denied,* 2018-0771 (La. 9/21/18); 252 So.3d 917 (granting summary judgment in favor of elevator owner when there was no evidence it knew or, in the exercise of reasonable care, should have known of a defect in the elevator that caused it to drop).

Lee has submitted no summary judgment evidence that Delta Down knew or had reason to know that the Elevator had a door lock issue. A non-moving party must do more than simply deny the allegations raised by the moving party. *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Instead, she must come forward with competent evidence, such as affidavits or depositions, to buttress her claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). Lee has failed to create a genuine issue of material fact that Delta Downs had actual or constructive notice that the alleged defect presented an unreasonable risk of harm.

Furthermore, Delta Downs submits summary judgment evidence that (1) Schindler regularly inspected, repaired, serviced, and maintained the elevator;[9] Delta Downs hired BOCA Group to oversee Schindler, and assess the safety and maintenance of the Elevator in the month prior to the incident.[10] Here, there are only allegations that Delta Downs failed to properly maintain the Elevator; Delta Downs has submitted summary judgment evidence that it did provide the proper maintenance.

---

[9] Defendant's exhibit A, ¶ 4, Doc. 45-3; Defendant's exhibit C, p. 40, Doc. 45-5; Defendant's exhibit H, ¶¶ 11 (e, p, u), 13, Doc. 45-10.
[10] Defendant's exhibit D, p. 74, ln. 17- p. 75, ln. 5, Doc. 45-6; Defendant's exhibit A, ¶ 9, Doc. 45-3.

*Res Ipsa Loquitur*

Lee argues that the doctrine of *res ipsa loquitur* makes Delta Downs liable relying on *Woosley v. State Farm*, 18 P.3d 317 (Nev. 2001). First Delta Downs argues that Nevada law is not applicable to a Louisiana case. This Court agrees and will not consider *Woosley.*

The seminal elevator case in Louisiana, *Spott v. Otis Elevator Company*, 601 So. 2d 1355 (La. 1992), addresses the applicability of *res ipsa loquitur* in an elevator case. The Supreme Court stated that *res ipsa loquitur* applies "when three requirements are met: 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the thing causing the injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on defendant's part." *Id.* at 1362.

In Louisiana, *res ipsa loquitur* is a rule of circumstantial evidence, where negligence may be presumed on the part of the defendant if and only if the defendant's negligence is the probable cause of the plaintiff's injury. However, the principle will not be applied if there is another plausible explanation for the accident. *Campbell v. Otis Elevator Co.*, 808 F.2d 429, 432 (5th Cir.1987). The Supreme Court in *Spott* declared that *res ipsa loquitur* must be sparingly applied. *Spott,* 601 So. 2d at 1362.

Delta Downs argues that there is a plausible explanation concerning the Elevator's stop, which removes it from the realm of *res ipsa loquitur.* Elevator expert John Halpern testified that an elevator door lock can open for a multitude of reasons, some of which are

maintenance related, but others which are not, including the presence of debris on the door lock.[11] For example, another hotel guest could have dropped a coin or other small item that temporarily interfered with the door lock. Hundreds of people ride the elevator every day, and any of the riders could have dropped or spilled something onto the elevator. In other words, accidents happen, and they don't always happen due to a failure to maintain the elevator. Here, there is no inference of negligence by Delta Downs, nor is there a breach of a duty that would implicate the doctrine of *res ipsa loquitur.*

## CONCLUSION

For the reasons explained herein, the Court will grant the Motion for Summary Judgment of Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack, Casino & Hotel" Downs") (Doc. 45) and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 27th day of February, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[11] Defendant's exhibit H, ¶ 11 (i, j, k), Doc. 45-10.