UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHERYL LEE** | **CASE NO. 2:22-CV-00174** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BOYD RACING L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion to Fix Attorneys' Fees and Costs Award" (Doc. 82) filed by Plaintiff-in-Crossclaim, Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack Casino and Hotel ("Boyd") as instructed by the Court.[1]

## BACKGROUND

The instant lawsuit involved an incident that allegedly occurred on a passenger elevator at the Delta Downs Racetrack Casino and Hotel. The Elevator was inspected and maintained by Defendant, Schindler Elevator Corporation ("Schindler"). Plaintiff, Cheryl Lee, alleged that she was injured while on the elevator when it suddenly and abruptly dropped and stopped.

The Court found no fault by either Schindler or Boyd and dismissed both Defendants with prejudice pursuant to Motions for Summary Judgment filed by both Boyd and Schindler.[2] Boyd had asserted a cross-claim against Schindler based on the parties' Maintenance Agreement. After the Court dismissed Plaintiff's claims against the Defendants, Schindler filed a motion for summary judgment and sought to dismiss Boyd's

---

[1] Doc. 81.
[2] Docs. 44, 45, 55, and 56.

claim for defense and indemnity.[3] The Court denied Schindler's Motion and found in favor of Boyd, specifically finding that Schindler was liable to Boyd for its defense costs and attorneys' fees.[4] This instant Motion addresses those costs and fees.

## LAW AND ANALYSIS

Boyd requests that the Court award its costs and attorneys' fees in the amount of $163,022.94. In determining the quantum of attorney fees and costs, the Supreme Court has stated that the "lodestar" method is the "most useful starting point" for determining an award of attorney fees. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). The lodestar is computed by multiplying "the reasonable number of hours expended on the litigation" by "the reasonable hourly rates for the participating lawyers." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). This calculation is presumed to yield a reasonable fee but may be adjusted up or down if the twelve *Johnson* factors show exceptional circumstances warranting a departure. *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993). The party seeking the fee award bears the burden of establishing the reasonableness of its fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgment. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279, 286 (E.D. La. 2008). The trial court has broad discretion in determining the appropriate fee, due to its familiarity with the case and the quality of the attorneys' work. *Brady v. Fort Bend Cnty.*, 145 F.3d 691, 716 (5th Cir. 1998) (citing *La. Power & Light Co.*, 50 F.3d at 327).

---

[3] Doc. 71.
[4] Docs. 78 and 79.

A reasonable hourly rate for attorney fees is calculated based on the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of establishing the reasonableness of the rate, which may be accomplished through an affidavit of the attorney performing the work and information of rates actually billed and paid in similar suits. *Id.* at 896 n. 11. If the rate is unopposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990).

In its opposition to Boyd's request for costs and attorneys' fees, Schindler only challenges the hourly rates charged. Schindler has not challenged the hours spent by Boyd's counsel for defending the suit or its costs. Schindler argues that its attorneys only billed at an hourly rate of $200, whereas counsel for Boyd billed at rates between $200 - $250 per hour.

Boyd retained the Murphy, Rogers, Sloss, Gambel & Tomkins law firm. Boyd remarks that the bulk of the fees were billed by partner John H. Musser, V at rates ranging from $260 to $295 per hour. Mr. Musser has over thirty (30) years of experience. Associate attorneys and/or paralegals performed the bulk of the document review and billed at rates from $125 to $230 per hour.

Boyd has submitted 160 pages of line itemed billing and invoices to support its attorney fees and costs.[5] Boyd has also submitted the affidavit of attorney Christopher P.

---

[5] The costs associated with this lawsuit include filing fees and court costs, postage and/or courier fees, medical record fees, document management cost, travel costs, and expert fees.

Ieyoub who attests that the rates charged by the law firm are consistent with the prevailing market rates in the Lake Charles legal community for similar services by attorneys of reasonable and comparable skills, experience and reputation.[6]

The party seeking the fee award bears the burden of establishing the reasonableness of the fees by submitting documentation of the hours reasonably expended. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). A party submitting a fee request must exercise billing judgment by excluding time that is unproductive, excessive, or inadequately documented. *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 768–69 (5th Cir. 1996); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

Attorneys with over 20 years of experience have received between $300 and $375 per hour in recent cases. *See Olive v. Tubbs*, 2023 WL 6420794, at *8 & n. 29 (W.D. La. Sep. 29, 2023) (collecting cases). The Court finds that the hourly rates submitted by Boyd's counsel is reasonable. Additionally, the Court has reviewed the entire record in this case and notes that this matter involved filing an Answer and Amended Answer, reviewing a large amount of medical records, Notice of removal and/or response, Cross-claim and/or response, extensive discovery, two Motions for Summary Judgment, and responses thereto, Motions in Limine and responses thereto, a Motion to Quash, and several court-related conferences. Additionally, Boyd's involvement included the defense of the personal injury suit as well as pursuit of a contractual indemnity and defense. The matter involved three

---

[6] Boyd exhibit B, ¶ 5.

years of litigation, which ultimately resulted in a favorable ruling for Boyd. The Court finds that the attorneys' fees and costs requested by Boyd are reasonable.

## CONCLUSION

For the reasons explained herein, the Court will grant Motion to Fix Attorneys' Fees and Costs Award (Doc. 82) and award Boyd its requested attorneys' fees and costs in the total amount of $163,022.94.

**THUS DONE AND SIGNED** in Chambers on this 25th day of March, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**